UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARYLAND CASUALTY COMPANY,

    Plaintiff,

vs.                                              Case No. 3:12-cv-121-J-34MCR

SHREEJEE NI PEDHI'S, INC, ET AL.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Bombay Liquor's Affirmative Defenses and Dismiss its Amended Counterclaim (Doc. 30) filed May 17, 2012. Defendant filed its response in opposition to this Motion on May 31, 2012. (Doc. 36). On June 13, 2012, the undersigned permitted Plaintiff to file a reply brief (Doc. 41), which was filed on June 19, 2012 (Doc. 44). Accordingly, the matter is now ripe for judicial review.

## **I. BACKGROUND**

On February 3, 2012, Plaintiff filed the Complaint in this case seeking a declaratory judgment as to whether there is coverage for a lawsuit involving the willful sale of alcohol to a minor under a general liability policy issued by Plaintiff. (Doc. 1).

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

-1-

Defendant, Bombay Liquors, filed its Answer, Affirmative Defenses, and Counterclaim on March 8, 2012. (Doc. 11). The Counterclaim attempted to state claims for negligent misrepresentation (Count I), negligence (Count II), and a violation of the Unfair Insurance Trade Practices Act, Florida Statute § 626.9541(1)(A). Id. On April 2, 2012, Plaintiff filed a Motion to Dismiss Count III of Defendant's counterclaim. (Doc. 15). On April 23, 2012, Defendant filed an Amended Counterclaim (Doc. 22) in which it eliminated the cause of action for violation of Florida Statute § 626.9541(1)(A) and instead included a claim for reformation of insurance contract due to inequitable conduct. The first two counts of the Amended Counterclaim were identical to the counts included in the original Counterclaim.

Plaintiff now asks the Court to dismiss all three of the counts in the Amended Counterclaim and to strike several of Defendant's affirmative defenses. (Doc. 30). Defendant responds that this second motion is improper pursuant to Rule 12(g) of the Federal Rules of Civil Procedure with respect to the request to dismiss Counts I and II and with respect to the request to strike the affirmative defenses. (Doc. 36). Additionally, Defendant takes the position that it has sufficiently plead Count III. Id.

## II. ANALYSIS

As noted above, Defendant takes the position that the instant Plaintiff's motion should be denied because it is barred by Rule 12(g). Specifically, Defendant argues that Plaintiff could have included its objections regarding the affirmative defenses and its defenses with respect to Counts I and II of the Amended Counterclaim in its first motion to dismiss. As Plaintiff failed to do so, Defendant believes Plaintiff should be

barred from raising them in the instant motion.  Plaintiff responds by noting that it did include its defenses to both Counts I and II of the Amended Counterclaim because it argued Defendant's reformation claims should be dismissed.  As the Court did not have an opportunity to rule on Plaintiff's original motion, Plaintiff believes it would be unjust to bar it from raising those defenses at this time.  Plaintiff does not address its failure to include its objections to the affirmative defenses in the original motion to dismiss.

With respect to the motion to strike the affirmative defenses, the Court agrees with Defendant that Plaintiff is barred from raising its objections to the affirmative defenses at this time.  Rule 12(g)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

As Defendant's affirmative defenses have not been altered, it is clear Plaintiff could have sought to strike the defenses at the time it filed its initial motion to dismiss. Because neither Rule 12(h)(2) nor (3) make an exception for motions to strike, the present motion to strike is barred by Rule 12(g).  See Chen v. Cayman Arts, Inc., No. 10-80236-CIV, 2011 WL 1085646, *2 (S.D. Fla. Mar. 21, 2011) (noting that "[u]nder the plain language of Rule 12(g), the limitation on further motions applies to 'a motion under this rule'" and as motions to strike fall under Rule 12, they are barred by Rule 12(g)); 2-12 Moore's Fed. Prac. -- Civ. § 12.21 (noting that "Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a motion for more definite statement under Rule 12(e) and to a motion to strike under Rule 12(f)"); Teasdale v. Heck, 499 F.Supp.2d 967, 972 (S.D. Ohio 2007) (indicating that the filing of

a motion to dismiss for failure to state a claim will generally waive the right to assert that a more definite statement is required); Cima v. Wellpoint Healthcare Networks, Inc., No. 05-cv-4127-JPG, 2007 WL 1068252 (S.D. Ill. Apr. 6, 2007) (finding support for the position that Rule 12(g) applies to motions under Rule 12(e) and Rule 12(f)); DiMaria v. Silvester, 89 F.Supp.2d 195, 196 n. 5 (D. Conn. 1999) (concluding that Rule 12(e) motion was waived under Rule 12(g) "because the defendants failed to consolidate it with their previous Rule 12 motions to dismiss"); Clark v. Associates Commercial Corp., 149 F.R.D. 629, 632 (D. Kan. 1993) (noting that "[t]here is nothing in the express language of Rule 12 that would exempt a Rule 12(e) motion for a more definite statement from the rule requiring consolidation of all Rule 12 defenses and objections"). Accordingly, the undersigned finds Plaintiff's motion to strike is improper under Rule 12(g) and therefore, recommends that it be denied.

With respect to Plaintiff's Motion to Dismiss, Defendant argues Counts I and II have not changed since Plaintiff's original motion to dismiss and as Plaintiff did not include an argument to dismiss those counts, the instant motion to dismiss Counts I and II should be barred by Rule 12(g). Plaintiff argues it did include its arguments with respect to Counts I and II in the original motion to dismiss and as the Court did not rule on the merits of those arguments, it should be permitted to raise them in the instant motion.

The Court begins its analysis by noting that Counts I and II of the counterclaim have not been altered. Accordingly, any arguments regarding the dismissal of these counts were available to Plaintiff at the time it filed its original Motion to Dismiss (Doc.

15).  In that motion, Plaintiff focused primarily on Count III of the original counterclaim, a claim for violation of the Unfair Insurance Trade Practices Act.  Plaintiff also argued Defendant failed to state a claim for reformation of the policy.  As reformation of the policy is requested by Defendant in both Counts I and II, Plaintiff reasons that it "challenged all counts of the previous counterclaim" in its original motion to dismiss.  (Doc. 44, p.2).  The Court does not agree.

While Defendant does indeed request reformation of the policy in both Counts I and II, the instant motion to dismiss asks the Court to dismiss these counts on entirely different grounds.  Indeed, Plaintiff attacks the pleading of Count I insofar as it does not comply with the mandates of Rule 9.  Additionally, Plaintiff claims Count I fails to state a claim for negligent misrepresentation because Defendant's reliance on Plaintiff's alleged misrepresentations was unreasonable as a matter of law.  Plaintiff certainly could have raised these issues in the first motion to dismiss, however, chose not to.  Additionally, with respect to Count II, Plaintiff now asks the Court to dismiss this count on the grounds that: (1) it fails to state a claim for negligence because it does not allege "sufficient factual matter;" (2) to the extent it amounts to a claim for negligent procurement of insurance, it is not ripe; and (3) it fails to allege sufficient facts to support its claim that the coverage afforded by Plaintiff was illusory.  (Doc. 30, pp.12-14).  Once again, Plaintiff could have raised these defenses in its first motion to dismiss and its failure to do so bars the Court from considering them at this point.  See BAC Home Loans Servicing LP v. Fall Oaks Farm LLC, No. 2:11-cv-274, 2012 WL 260555, *4 (S.D. Ohio Jan. 30, 2012) (holding the defendants "could and should have included their

attack on Counts One, Two, Three, and Eleven as part of their initial Rule 12(b)(6) motion" and that "[b]y instead adopting a piecemeal approach to obtaining dismissal under Rule 12(b)(6), [defendants] have foreclosed the dismissal of Counts One, Two, Three, and Eleven under Rule 12(b)(6) . . ."); Chen, 2011 WL 1085646 (striking second motion to dismiss as improper pursuant to Rule 12(g)); Cross v. Suffolk City School Bd., No. 2:11cv88, 2011 WL 2838180, *7 (E.D. Va. July 14, 2011) (as there was no indication in the second motion to dismiss that the defense presented was unavailable at the time the first motion to dismiss was filed, court was "of the opinion that it [could not] entertain a successive 12(b)(6) motion without overriding Rule 12(g)" and therefore, denied second motion to dismiss as procedurally barred). Similarly, the undersigned believes it cannot consider the instant Motion to Dismiss without overriding Rule 12(g). Accordingly, the undersigned recommends Plaintiff's Motion to Dismiss be denied insofar as it relates to Counts I and II of the Amended Counterclaim.[2]

Count III of the Amended Counterclaim seeks reformation of the insurance policy due to Plaintiff's alleged inequitable conduct. Plaintiff argues numerous reasons this count should be dismissed. Defendant responds that at this stage of the case, it has sufficiently pled a cause of action for reformation.

---

[2] Plaintiff points to cases where courts have apparently "ignore[d]" the technical requirements of Rule 12(g) in certain situations. However, as the court in the Chen case noted: "[w]hen the Federal Rules govern, it is neither up to the parties nor up to this Court to determine what makes the best procedural sense. Rather this Court will follow the Federal Rules and strike [the second motion to dismiss] as improper under Rule 12(g)." Chen, 2011 WL 1085646, at *2. Additionally, Plaintiff may still pursue similar relief through other mechanisms, such as a Rule 12(c) motion for judgment on the pleadings after it files its answer.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed.R.Civ.P.  "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  In considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Here, Plaintiff raises several arguments for dismissal of the count for reformation.  Specifically, Plaintiff argues Defendant cannot state a claim for reformation because it cannot show it lacks an adequate remedy at law, a necessary requirement for equitable relief such as reformation.  Additionally, Plaintiff asserts Defendant has not properly pled the elements for reformation and that Defendant has not complied with the heightened pleading requirements of Rule 9 with respect to the claim for reformation.  Finally, Plaintiff argues Defendant "cannot plausibly argue that it relied on [any fraudulent or inequitable representations] because it presumably knew that the policy would not provide coverage for liquor liability."  (Doc. 30, p.17).  Defendant responds

that it need not show the absence of an adequate remedy at law because it has pled reformation in the alternative.  Further, Defendant contends it has adequately pled a claim for reformation.

As the Court finds Plaintiff's argument that the reformation claim should be dismissed because Defendant has not complied with the heightened pleading requirements of Rule 9 controlling, it will focus its analysis on that argument.  The undersigned notes that Defendant did not respond to this argument by Plaintiff.

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9(b), Fed.R.Civ.P.  Rule 9(b) is "satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted).  The purpose of these requirements is to alert defendants "to the precise misconduct with which they are charged" and to protect defendants "against spurious charges of immoral and fraudulent behavior."  Id.

The undersigned believes the Amended Counterclaim does not sufficiently alert Plaintiff of the precise conduct which Defendant believes was inequitable and led to its mistake.  Accordingly, Count III does not satisfy Rule 9(b)'s heightened pleading standard and should be dismissed without prejudice to Defendant filing an amended

counterclaim where it identifies the who, what, where, when, and how of both Plaintiff's alleged inequitable conduct and Defendant's mistake.  See Ziemba, 256 F.3d at 1202.[3]

Accordingly, after due consideration, it is respectfully

**RECOMMENDED**:

Plaintiff's Motion to Strike Bombay Liquor's Affirmative Defenses and Dismiss its Amended Counterclaim (Doc. 30) be **GRANTED in part and DENIED in part** as provided in the body of this Report and Recommendation.  Specifically, Plaintiff's Motion to Strike Affirmative Defenses should be denied as being procedurally barred by Rule 12(g) of the Federal Rules of Civil Procedure.  Similarly, Plaintiff's Motion to Dismiss with respect to Counts I and II of Defendant's Amended Counterclaim should also be denied as being procedurally barred.  Finally, Plaintiff's Motion to Dismiss with respect to Count III of the Amended Counterclaim should be granted without prejudice.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this __27th__ day of June, 2012.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Although the undersigned has not examined the merits of Plaintiff's arguments regarding dismissal of Counts I and II of the Amended Counterclaim, Defendant should consider them and if Defendant believes any have merit (particularly the arguments that Defendant has failed to comply with Rule 9(b)), either seek leave to amend its counterclaims to address them or do so when it amends Count III.

Copies to:

The Honorable Marcia M. Howard,
  United States District Judge

Counsel of Record