UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARYLAND CASUALTY COMPANY,

    Plaintiff,

vs.                                                Case No. 3:12-cv-121-J-34MCR

SHREEJEE NI PEDHI'S, INC, ET AL.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant, Bombay Liquors's Motion to Compel (Doc. 38) filed June 11, 2012. Plaintiff filed its response in opposition to this Motion on July 2, 2012. Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

Plaintiff is an insurance company that issued a general liability policy to Defendant, Bombay Liquors ("Bombay"). According to Plaintiff, that policy contains a liquor liability exclusion. In November 2011, Terry and Elizabeth Case filed a lawsuit against Bombay alleging Bombay willfully sold alcohol to a minor, who was later involved in a motor vehicle accident in which Mr. and Mrs. Case's daughter was killed. Plaintiff is defending Bombay in this litigation under a reservation of rights.

On February 3, 2012, Plaintiff filed the Complaint in this case seeking a declaratory judgment that it has no duty to defend or indemnify Bombay in the litigation brought by the Cases. (Doc. 1). Bombay responded to this declaratory action by filing

a counterclaim alleging negligent misrepresentation, negligence, and reformation. (Doc. 22). Bombay claims it was deceived by Plaintiff because Plaintiff assured Bombay it was providing comprehensive liability coverage for Bombay's business. However, even though Plaintiff knew Bombay was in the business of selling alcohol, it sold Bombay a liability policy excluding liability arising out of the sale of liquor or wine.

On April 18, 2012, Bombay served Plaintiff with its first set of interrogatories and requests to produce. After two extensions of time, Plaintiff served its responses to the discovery on May 30, 2012. Bombay filed the instant motion seeking an order compelling Plaintiff to provide more complete responses to the discovery requests.

## II.  ANALYSIS

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore, embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion

requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Bombay argues Plaintiff failed to provide complete responses to several of its discovery requests.  Specifically, Plaintiff has objected to and failed to completely respond to Interrogatories 3 through 8 and Requests to Produce Numbers 4 through 11.  Plaintiff based its objections primarily on its belief that Bombay is simply engaging in bad faith discovery, which is improper at this stage of the litigation; that the information sought is not relevant; and that several of the items requested are confidential and/or protected by the work product privilege.  For the sake of brevity, the Court will address Plaintiff's objections rather than examine each alleged inadequate response.

First, Plaintiff repeatedly states that Bombay is attempting to conduct bad faith discovery in this straightforward coverage case.  As noted in the Order denying Plaintiff's Motion for a Protective Order (Doc. 51) and for those same reasons, the Court does not agree.  Bombay's counterclaims do not allege bad faith in the handling of the claim.  Instead, Bombay's counterclaims allege Plaintiff misrepresented that it was providing Bombay with liability insurance to cover its main potential business liability: the sale of alcohol.  Accordingly, the undersigned will not prevent discovery simply on the grounds that Bombay is attempting to engage in bad faith discovery.

However, Plaintiff also argues that even if Bombay is not engaging in bad faith discovery, the information sought is not relevant to its counterclaims. The Court agrees with Plaintiff to an extent.  With respect to the interrogatories, Bombay has shown that

Interrogatories 3 through 8 seek relevant information.  These interrogatories seek information directly relevant to Bombay's claim of misrepresentation.  Further, while Plaintiff contends it has sufficiently responded to Interrogatories Nos. 6 and 8 by referencing the insurance policy, the Court does not agree.  These interrogatories ask Plaintiff for information regarding how it provided a comprehensive product to Bombay by tailoring the coverage to Bombay's unique needs.  Simply referencing the policy does not sufficiently respond to the request.  Instead, Plaintiff is directed to provide a response that sets forth facts supporting its contention that it provided Bombay an insurance product tailored to its specific business needs.

  Moreover, to the extent Plaintiff objected to these interrogatories on the grounds that they seek confidential or privileged matter, Plaintiff has failed to satisfy its burden.  As the party resisting discovery, Plaintiff has the burden to show that the information sought by Bombay is confidential and that disclosure would be harmful.  Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (citing Kaiser Aluminum & Chemical Corp. v. Phosphate Engineering and Const. Co., Inc., 153 F.R.D. 686, 688 (M.D. Fla. 1994)).  Only after such a showing is made does the burden shift to the party seeking the discovery to show the information sought is relevant and necessary.  Id.  In the instant case, Plaintiff has failed to satisfy its burden to show the information sought by Bombay is confidential and that disclosure would be harmful.  Instead, Plaintiff simply states that information sought by Bombay is protected by the work product doctrine and the trade secret privilege.  This is not enough.  Accordingly, the undersigned will grant Bombay's Motion to Compel with respect to Interrogatories 3 through 8.  Plaintiff shall

provide complete responses to these interrogatories no later than **Friday, August 17, 2012**.

As for Bombay's requests to produce, the Court is not convinced they seek relevant information. Unlike the interrogatories, the requests to produce are not narrowly tailored to seek evidence regarding Bombay's counterclaims. Instead, the requests seek broad categories of documents unrelated to Bombay's claims. For example, Request No. 4 seeks all marketing materials associated with Plaintiff's small business retail program and Request No. 7 seeks all planning and meeting minutes related to Plaintiff's small business retail program. While Bombay alleges these documents are directly related to its claim for misrepresentation, the undersigned does not agree. Additionally, the Court does not believe any alleged misrepresentations Plaintiff made to the general public are relevant in this case. As such, the Court will deny Bombay's Motion to Compel with respect to Requests Nos. 4, 6, 7, 9, and 11.

As for Request No. 10, the Court is also unconvinced it seeks relevant information. This request seeks "[u]nderwriting guidelines, procedures, programs and management documents concerning the binding of the insurance policies covering [Bombay] in 2004 and each renewal year thereafter." (Doc. 38, p.21). While Bombay again contends these documents are directly relevant to its misrepresentation claim, the undersigned does not agree. Bombay has not shown how the entire underwriting file, which was prepared by Plaintiff for the business purpose of pricing, is relevant to its

claims of misrepresentation.[1]  Therefore, the Court will deny Bombay's Motion to Compel with respect to Request No. 10.[2]

Finally, with respect to the remaining requests, Requests Nos. 5 and 8, the Court believes they may provide relevant information.  Plaintiff's point that documents which were never presented to Bombay cannot be relevant to its misrepresentation claim is well taken.  Accordingly, Plaintiff is only directed to produce those documents it provided to Bombay or which reference any discussions/interactions with Bombay.  Further, if Plaintiff believes any documents are protected by the work product doctrine, Plaintiff is directed to provide a privilege log to Bombay and to produce any other materials not deemed to be protected no later than **Friday, August 17, 2012**.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant, Bombay Liquors's Motion to Compel (Doc. 38) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of July, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[1]  The Court does anticipate, however, that portions of the underwriting file may be responsive to Requests Nos. 5 and 8 and Plaintiff will produce them as required by this Order.

[2]  To the extent Bombay argues Plaintiff waived any objection to producing its underwriting file via its production of the underwriting printout, the Court does not agree.  Production of the underwriting printout does not waive an objection to relevance of the entire underwriting file.

Copies to:

Counsel of Record