UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARYLAND CASUALTY COMPANY,   CASE NO.: 3:12-cv-121-J-34MCR
a Maryland corporation,

    Plaintiff,

vs.

SHREEJEE NI PEDHI'S, INC. d/b/a
BOMBAY LIQUORS, a Florida corporation,
TERRY L. CASE and ELIZABETH R.
CASE, personal representatives of the
Estate of CATHERINE E. CASE,

    Defendant, Counter-Plaintiff, Third
    Party Plaintiff,

vs.

LABRATO INSURANCE & BONDING,
INC., a Florida Corporation,

    Third Party Defendant.
_____/

**THIRD PARTY PLAINTIFF, SHREEJEE NI PEDHI'S, INC.
D/B/A BOMBAY LIQUORS' RESPONSE TO
THIRD PARTY DEFENDANT'S AMENDED MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

    Defendant/Counter-Plaintiff, SHREEJEE NI PEDHI'S, INC. d/b/a BOMBAY LIQUORS (hereinafter referred to as "Bombay"), by and through its undersigned counsel and pursuant to Local Rule 3.01, hereby files its Response to Third Party Defendant's Amended Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support (DE 79).  Bombay states as follows:

    1.    On September 27, 2012, Bombay filed its Third Party Complaint (hereinafter

referred to as either "Complaint" or "Third Party Complaint") against Third Party Defendant, LABRATO INSURANCE & BONDING, INC. (hereinafter referred to as "Labrato Insurance").

2. Bombay sought leave to bring the Third Party Complaint against Labrato Insurance because Maryland Casualty Company was taking the position that its agent was liable in whole or in part for the damages sought by Bombay in this litigation. See DE 58.

3. Accordingly, Bombay asserted two causes of action against Labrato Insurance in the Third Party Complaint: Count I – Negligent Misrepresentation and Count II – Negligence. As alleged in the Complaint, among other assertions:

    a. Labrato Insurance is **the agent and electronic partner of** Maryland Casualty/Zurich North America (hereinafter "Maryland Casualty"); Complaint at ¶¶ 4, 8. (Emphasis added);

    b. Labrato Insurance was provided training concerning Maryland Casualty's services and policies; Complaint at ¶¶ 9, 11;

    c. Part of the training comprised of Maryland Casualty's services where it stated that it could provide a comprehensive product portfolio tailored to the unique needs of its small business customers; Complaint at ¶¶ 12-14;

    d. Acting within the course and scope of his employment, Charlie Bryant of Labrato Insurance, in response to Bombay's request for full coverage for his liquor and wine business, failed to tailor the insurance policy to meet the unique needs of the Small Business Customer (as he was trained to do at the request of Maryland Casualty) and failed to secure an insurance policy which covered Bombay for the main risk of its business, i.e. the sale of liquor and wine, as he represented he would do to Bombay; Complaint at ¶¶ 13, 14, 16-19, 22-23;

4. On November 16, 2012, Labrato Insurance served its Amended Motion to Dismiss (DE 79) claiming that: (1) a cause of action against Labrato Insurance has not accrued; (2) Bombay has failed to allege facts sufficient to support a cause of action for negligent misrepresentation and negligence; and (3) Bombay inappropriately seeks a claim of attorney's fees.

5. For the reasons set forth below, Labrato Insurance's Amended Motion to Dismiss should be denied.

I. **DEFENDANT'S POSITION THAT A CAUSE OF ACTION AGAINST LABRATO INSURANCE HAS NOT ACCRUED FAILS**

Although Labrato Insurance's recitation of the case law governing a cause of action against an independent agent of the insured is generally correct, its analysis of the allegations raised against Labrato Insurance misses the mark. Bombay is seeking relief from Labrato Insurance as the (1) **actual and/or apparent agent** of Maryland Casualty; and/or, (2) Maryland Casualty's **authorized representative**. (Emphasis added). It is axiomatic in Florida that an insured has an absolute right to litigate in the same lawsuit the following claims against its insurer and the insurer's employees **and/ or agents**:

(1) Declaratory judgment;

(2) Reformation;

(3) Breach of Contract;

(4) Promissory Estoppel;

**(5) Negligent Misrepresentation;**

**(6) Negligence;**

(7) Fraudulent Misrepresentation; and,

  (8) Fraud.

See Romo v. Amedex Ins. Co., 930 So. 2d 643 (Fla. 3d DCA 2006) - **Exhibit A.**

  In the case at bar and contrary to Labrato Insurance's assertions, the allegations raised by Bombay do not arise out of Labrato Insurance's failure, as the agent for Bombay, to provide insurance coverage. It arises out of Labrato Insurance's **joint** conduct with Maryland Casualty, as Maryland Casualty's agent and representative, that Maryland Casualty/Labrato Insurance would provide comprehensive coverage to Maryland Casualty's Small Retail Business customers.[1] Whether part or parcel, both acted together in misrepresenting that each would tailor the insurance policy for Bombay and failed to do so. Moreover, in Count II, Bombay asserts that Labrato Insurance had a duty to provide the comprehensive coverage, to fully and completely explain to Bombay the terms of the policy, and failed to do so by issuing a policy which was not tailored to the unique needs of Bombay under Maryland Casualty's Small Business Insurance Program. Based upon these actions, Bombay has, and will continue, to incur damages. As the case law cited by Labrato Insurance is not applicable to the assertions made herein, Labrato Insurance's Motion should be denied as the claims are ripe and it is undisputed that Bombay has, and continues to suffer damages arising out of the joint conduct of both Maryland Casualty and Labrato Insurance.

**II.    COUNTS I AND II OF BOMBAY'S THIRD PARTY COMPLAINT STATE A VALID CAUSE OF ACTION**

  A well-pled complaint must contain factual allegations which give rise to a right to relief beyond mere speculation. Watts v. Florida Intern. University, 495 F.3d 1289, 1295-96 (11th Cir.

---

[1] See generally Romo, supra, citing to Warren v. Dairyland Ins. Co., 662 So. 2d 1387 (Fla. 4th DCA 1995)(holding that insurer can be held liable for the negligent misrepresentations made by insurance agent of insurer; determination of whether insurance agent is agent of insurer "cannot be made at the initial pleading stage").

2007); See also Fed. R. Civ. P. 8(a) ("a pleading...must contain...a short and plain statement of the claim showing that the pleader is entitled to relief.")  In order to satisfy the pleading specificity standard, the United States Supreme Court has ruled that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). **It does not require specific facts for every element of a claim**; however, there must be "either direct or inferential allegations respecting all **material** elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006). (Emphasis added). While the rule **"does not impose a probability requirement** at the pleading stage," it "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts, 495 F. 3d at 1295-96 (citing Twombly, 550 U.S. at 556) (emphasis added). "Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the 'grounds' of 'entitle[ment] to relief,' a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Clark v. Feder Semo and Bard, P.C., 634 F. Supp. 2d 99, 104 (D.C. 2009) (citing Twombly, 550 U.S. at 555-56).

When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. See Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The plaintiff **must be given every reasonable inference** that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). (Emphasis added).

In making its argument in its Amended Motion, Labrato Insurance, however, improperly goes beyond the scope of a motion to dismiss, which is limited to the four corners of Bombay's Third Party Complaint. Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999). More specifically, Labrato Insurance's Motion to Dismiss continually asserts factual arguments, such as the likelihood or plausibility of Bombay's reliance on Labrato Insurance's representations, which is improper because for purposes of a motion to dismiss the facts alleged in the complaint must be accepted as true and all reasonable inferences are drawn in favor of the pleader. Id. As such, any assertions must be disregarded by the Court in its analysis. See Gutherman v. 7-Eleven, Inc., 278 F. Supp. 2d 1374, 1378 (S.D. Fla. 2003) ("…Court cannot consider matters outside the pleadings in resolving a motion to dismiss.")

   **(A)    Count I – Negligent Misrepresentation**

With regard to Count I – Negligent Misrepresentation, Labrato Insurance states that Bombay has failed to allege a cause of action. More specifically, under Paragraph 12 of its Motion, Labrato Insurance states that "BOMBAY'S Third Party Complaint failed to allege that either LABRATO's agent made a misrepresentation of fact that he believed to be true, or that he made the misrepresentation without knowledge of its truth or falsity." First, and accepting the allegations of the Complaint as true, Bombay alleges that Labrato Insurance **is** the agent and representative of Maryland Casualty – not Bombay's agent, and acting in conjunction with Maryland, failed to provide insurance coverage which would be tailored to the needs of Bombay's main business risk, the sale of alcohol. See Complaint at ¶¶ 4, 8, 16-23, 41. As alleged in Paragraph 30, "…[a]t all times material and in February of 2004, Charles Bryant, on behalf of LABRATO INSURANCE & BONDING, INC., misrepresented to BOMBAY that it

was fully covered and insured for losses arising out of the sale of liquor and wine" and, "[d]espite these representations, LABRATO INSURANCE failed to ensure that BOMBAY was provided with liquor liability coverage, as previously represented." See Complaint at ¶¶ 23, 43. See also Complaint at ¶ 41.

Second, it is axiomatic under Florida law that a cause of action for negligent misrepresentation is not contingent on the representor having actual or constructive knowledge of falsity; such a claim may also be stated where the representor made the misrepresentation without knowledge as to its truth or falsity. Gayou v. Celebrity Cruises, Inc., 2012 U.S. Dist. LEXIS 77536 (S.D. Fla. June 5, 2012).  See also Gilchrist Timber Co. v. ITT Rayonier, Inc., 127 F.3d 1390, 1395-96 (11th Cir. 1997) (knowledge element for negligent misrepresentation satisfied even though defendant "did not knowingly misrepresent the zoning and was not even aware of the zoning and 'had no cause to know' the zoning category was inaccurate," because such cause of action is viable even "[w]hen there is no intent to deceive but only good faith coupled with negligence"); Burger King Corp. v. Austin, 805 F. Supp. 1007, 1024 (S.D. Fla. 1992) (negligent misrepresentation "involves negligent failure to ascertain the truth or falsity of a representation, rather than knowledge that such representation is false").  In the case at bar, Bombay has sufficiently alleged a cause of action for negligent misrepresentation against Labrato Insurance.  As cited above, "[d]espite these representations, LABRATO INSURANCE failed to ensure that BOMBAY was provided with liquor liability coverage, as previously represented." See Complaint at ¶¶ 23, 43.  See also Complaint at ¶ 41.

As dismissal of Count I of Bombay's Third Party Complaint is not supported by the above case law, Labrato Insurance's Amended Motion to Dismiss Count I should be denied.

Moreover, upon review of the allegations raised in Count I, in its entirety, a cause of action for negligent misrepresentation is properly raised by the allegations. For instance – and citing to Labrato Insurance's case law (and cases cited herein), in order to state a cause of action for negligent misrepresentation, a plaintiff must allege that:

(1) The defendant made a misrepresentation of material fact that he believed to be true but which was in fact false ("Element I");

(2) The defendant was negligent in making that statement because he should have known the representation was false; see also Golden v. Complete Holdings, Inc., 818 F. Supp. 1495 (M.D. Fla. 1993) (knowledge by the representor as to the truth or falsity of the representation, or that the representation is made under circumstances in which the representor ought to know of its falsity); Gilchrist Timber Co. v. ITT Rayonier, Inc., 127 F.3d 1390, 1395-96 (11th Cir. 1997) (knowledge element for negligent misrepresentation satisfied even though defendant "did not knowingly misrepresent the zoning and was not even aware of the zoning and 'had no cause to know' the zoning category was inaccurate," because such cause of action is viable even "[w]hen there is no intent to deceive but only good faith coupled with negligence"); ("Element II")

(3) The defendant intended to induce the plaintiff to rely … on the misrepresentation ("Element III"); and,

(4) Injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation ("Element IV").

<u>Gentry v. Harborage Cottages-Stuart, LLLP</u>, 602 F. Supp. 2d 1239 (S.D. Fla. 2009) <u>citing</u> to <u>Romo</u>, <u>supra</u>.  Each of these elements are satisfied based on allegations raised in Count I as Labrato Insurance, by and through Charles Bryant, knowingly misrepresented that Labrato Insurance would provide full coverage tailored to the unique needs of the Small Business Retail Business; yet, he knowingly submitted the insurance application without tailoring the policy to provide coverage for Bombay's main risk, i.e. the sale of wine or liquor when he knew that the policy would not be to cover the main risk. As asserted in the Third Party Complaint, Bombay points to the following key elements raised in the Complaint, among others:

**Element I**:

- At all times material, LABRATO INSURANCE, by and through MARYLAND CASUALTY/ZURICH purported to provide comprehensive coverage under its Small Business Retail Insurance Program to small retail businesses in Florida and would tailor its program to the unique needs of the small business customer. Complaint at ¶ 37.

- Labrato Insurance misrepresented to Bombay that it would provide comprehensive coverage to cover its main retail business risks under Maryland Casualty/Zurich's Small Business Insurance Program.  Complaint at ¶ 38.

- Upon receipt of the August 18, 2011 letter, Ravindu Patel of BOMBAY communicated with Charles Bryant of LABRATO INSURANCE as to the contents of the letter and MARYLAND CASUALTY/ZURICH's denial of coverage.  Mr. Bryant informed Mr. Patel that he was in dismay because he believed that there was coverage available… Complaint at ¶ 30.

**Element II**:

- On or about February 27, 2004, Charles Bryant of LABRATO INSURANCE accessed the secure website of MARYLAND CASUALTY/ZURICH and secured an insurance policy using MARYLAND CASUALTY/ZURICH's online application. Complaint at ¶ 18.

- At all times material, the **online application, which was created by MARYLAND CASUALTY/ZURICH and housed on its secure website, could not be altered or changed by LABRATO INSURANCE.** Complaint at ¶ 19. (Emphasis added)

- As soon as the electronic information was entered by Charles Bryant of LABRATO INSURANCE, the policy of insurance covering BOMBAY was issued and in effect. Complaint at ¶ 20.

- At the time that MARYLAND CASUALTY/ZURICH issued the Small Business Retail Insurance Policy to BOMBAY, **LABRATO INSURANCE was aware that it was insuring a retail business that primarily sold liquor and wine**. Complaint at ¶ 22. (Emphasis added)

- **At no time did LABRATO INSURANCE attempt to tailor the policy issued to BOMBAY to meet the needs of its business, i.e. to cover it for risks arising out of the sale of liquor and wine.** However, at all times material and in February of 2004, Charles Bryant, on behalf of LABRATO INSURANCE, misrepresented to BOMBAY that it was fully covered and insured for losses arising out of the sale of liquor and wine. Complaint at ¶ 23. (Emphasis added)

- In doing so, LABRATO INSURANCE **knowingly misrepresented** the insurance coverage being provided to BOMBAY. Complaint at ¶ 45. (Emphasis added)

- Upon receipt of the August 18, 2011 letter, Ravindu Patel of BOMBAY communicated with Charles Bryant of LABRATO INSURANCE as to the contents of the letter and MARYLAND CASUALTY/ZURICH's denial of coverage. **Mr. Bryant informed Mr. Patel that he was in dismay because he believed that there was coverage available**… Complaint at ¶ 30. (Emphasis added)

**Element III**:

- LABRATO INSURANCE intended to induce BOMBAY to rely on these misrepresentations so that it would get its share of the premium paid by BOMBAY. Complaint at ¶ 46.

**Element IV:**

- Due to BOMBAY's justifiable reliance on said misrepresentations to its detriment, Third Party Plaintiff BOMBAY has suffered injury, to wit, the denial of insurance coverage, exposure to claims from the Case family as well as claims from MARYLAND CASUALTY/ZURICH, the incurring of attorney's fees and costs to defendant the Maryland litigation, as well as the Case litigation and [any other] relief that this Court deems appropriate. [sic].  Complaint at ¶ 47.

Based on the foregoing, Count I of Bombay's Third Party Complaint states a cause of action for negligent misrepresentation and complies with the requirements set out in Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) by sufficiently alerting Labrato

Insurance to the precise conduct Bombay believes was inequitable.

**(b)    Count II - Negligence**

Count II states a cause of action for negligence against the Third Party Defendant, Labrato Insurance. As raised above, and contrary to Labrato Insurance's arguments, the cause of action for negligence raised by Bombay is ripe. Romo v. Amedex Ins. Co., 930 So. 2d 643 (Fla. 3d DCA 2006). The facts alleged in the Complaint, among others, state that:

a.    Labrato Insurance is **the agent and electronic partner of** Maryland Casualty/Zurich North America (hereinafter "Maryland Casualty"); Complaint at ¶¶ 4, 8. (Emphasis added);

b.    Labrato Insurance was provided training concerning Maryland Casualty's services and policies; Complaint at ¶¶ 9, 11;

c.    Part of the training comprised of Maryland Casualty's services where it stated that it could provide a comprehensive product portfolio tailored to the unique needs of its small business customers; Complaint at ¶¶ 12-14;

d.    Acting within the course and scope of his employment, Charlie Bryant (an insurance agent employed by Labrato Insurance), in response to Bombay's request for full coverage for his liquor and wine business, failed to tailor the insurance policy to meet the unique needs of the Small Business Customer (as he was trained to do at the request of Maryland Casualty) and failed to secure an insurance policy which covered Bombay for the main risk of its business, i.e. the sale of liquor and wine; Complaint at ¶¶ 13, 14, 16-19, 22-23.

e.    "At all times material, LABRATO INSURANCE had a duty to fully and completely explain to the insured the material economic or business terms and conditions of the

insurance coverage provided by MARYLAND CASUALTY/ZURICH and provide adequate coverage to protect against its main risk." Complaint at ¶ 52.

      f.    "At all times material, LABRATO INSURANCE breached its duty by failing to protect its insured, BOMBAY, from the risk arising out of BOMBAY's main risk, i.e., the selling of liquor and wine, when it issued a Retail Small Business Insurance Policy to BOMBAY and excluded from coverage liability arising out of the sale of liquor and wine." Complaint at ¶ 53.

The facts in Romo are on all fours with the case sub judice. In Romo, the following facts were reported:

> Count X of the Complaint is for negligence against the defendants. This Count alleges that Martinez and Nava, who are alleged to be agents of Amedex and Cincinnati Equitable, knew or should have known that the Romos "wanted to purchase a health insurance policy that provided the same coverages that the initial policies sold to them provided;" that Martinez and Nava owed a duty to the Romos to procure such an insurance policy; that Martinez and Nava were negligent in failing to procure such an insurance policy; and as a result of Martinez and Nava's negligence, damages were suffered. As these allegations state a cause of action for negligent procurement of insurance, we also reverse the dismissal of Count X.

Id. At 653-654. As noted by the Third District in Romo, the above facts (as is the case here) were sufficient to allege a cause of action in the same action where coverage was disputed based upon the joint acts of the insurer and the agent/broker. The Court held that "[w]here an insurance agent or broker undertakes to obtain insurance coverage for another person and fails to do so, he may be held liable for resulting damages to that person for breach of contract or negligence." Id. Therefore, Count II states a valid cause of action and Labrato Insurance's Motion should be denied.

Moreover, the Romo Court also cited to the case of Martin v. Principal Mut. Ins. Co., 557 So. 2d 128, 129 (Fla. 3d DCA 1990) for the proposition that where a complaint alleges all elements of a cause of action for misrepresentation, the "terms of an insurance policy **do not preclude** an action against the insurer or its agent where the agent misrepresents the coverage of the insurance contract and the insured reasonably relies on the misrepresentation to his detriment." Id. at 652. (Emphasis added). See also S & S Air Conditioning Co. v. Freire, 555 So. 2d 387 (Fla. 3 DCA 1989) ("The terms of the written application do not preclude an action against the insurer and its agent where the agent misrepresents the coverage of the insurance contract and the insured reasonably relies thereupon to his detriment."); Southtrust Bank v. Exp. Ins. Servs., 190 F. Supp. 2d 1304, 1310 (M.D. Fla. 2002) ("[The] negligent failure on the agent's part is not overcome by the insured's failure to read the underlying documentation"). Similarly, the allegations raised in the Complaint state a cause of action and on the same grounds, Labrato Insurance's Motion to Dismiss Count II should be denied.

### IV.     BOMBAY'S CLAIM FOR ATTORNEY'S FEES AS DAMAGES IS SUPPORTED BY FLORIDA STATUTE § 768.79.

As to its claim for attorney's fees**,** Bombay anticipates serving and seeking attorney's fees pursuant to Florida Statute § 768.79. It further will seek attorney's fees as damages incurred in the underlying Maryland and Case lawsuits. Therefore, based on the foregoing, Labrato Insurance's Amended Motion to Dismiss should be denied.

### V.     CONCLUSION

Third Party Plaintiff, SHREEJEE NI PEDHI'S, INC., respectfully requests that this Court enter an Order Dismissing Labrato Insurance's Amended Motion to Dismiss Third Party

Plaintiff's Complaint and Memorandum of Law In Support and for any other relief as this Court deems appropriate.

                Respectfully submitted,

                /s/ Bianca G. Liston
                MICHAEL J. WIGGINS, ESQUIRE ( Lead Trial Counsel)
                Florida Bar No. 818860/mwiggins@mtwlegal.com
                BIANCA G. LISTON, ESQUIRE
                Florida Bar No. 0555592/bliston@mtwlegal.com
                MCDONALD TOOLE WIGGINS, P.A.
                *Attorneys for Defendan/Third Party Plaintiff, Shreejee Ni Pedhis, Inc. d/b/a Bombay Liquors*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **December 3, 2012**, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send a notice of electronic filing to the following to:

**Richard E. Ramsey, Esquire**/rramsey@wickersmith.com
Wicker Smith O'Hara McCoy Graham & Ford, PA
Bank of American Building
50 N. Laura Street, Suite 2700
Jacksonville, FL  32202

**Todd M. Davis, Esquire/**Tdavis@hinshawlaw.com
**Sina Bahadoran, Esquire/**sbahadoran@hinsawlaw.com
Hinshaw & Culbertson, LLP
9155 South Dadeland Blvd., Suite 1600
Miami, Florida  33156-2741

**James A. Farson, Esquire**/jfarson@lindellfarson.com
**Roger K. Gannam, Esquire**/rgannam@lindellfarson.com
**LINDELL & FARSON, P.A.**
12276 San Jose Boulevard, Suite 126
Jacksonville, Florida 32223-8630

/s/ Bianca G. Liston
MICHAEL J. WIGGINS, ESQUIRE
Florida Bar No. 818860/mwiggins@mtwlegal.com
BIANCA G. LISTON, ESQUIRE
Florida Bar No. 0555592/bliston@mtwlegal.com
MICHAEL CORRENTI, ESQUIRE
Florida Bar No. 0039279/mcorrenti@mtwlegal.com
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
Facsimile:  (407) 246-1895
*Attorneys for Defendan/Third Party Plaintiff,*
*Shreejee Ni Pedhis, Inc. d/b/a Bombay Liquors*