UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARYLAND CASUALTY COMPANY,

    Plaintiff,

vs.                                                                          Case No.  3:12-cv-121-J-34MCR

SHREEJEE NI PEDHI'S, INC, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Dismiss Defendant, Bombay Liquors' Second Amended Counterclaim (Doc. 70) filed October 25, 2012. Bombay filed its response in opposition to this Motion on November 21, 2012. (Doc. 80). On November 29, 2013, Judge Howard referred the Motion to the undersigned to prepare a Report and Recommendation. On December 3, 2012, the undersigned permitted Plaintiff to file a reply brief (Doc. 83), which was filed on December 7, 2012 (Doc. 85). Accordingly, the matter is now ripe for judicial review.

### I. BACKGROUND

On February 3, 2012, Plaintiff filed the Complaint in this case seeking a declaratory judgment as to whether there is coverage for a lawsuit involving the willful

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

sale of alcohol to a minor under a general liability policy issued by Plaintiff.  (Doc. 1).  Defendant, Bombay Liquors ("Bombay"), filed its Answer, Affirmative Defenses, and Counterclaim on March 8, 2012.  (Doc. 11).  The Counterclaim attempted to state claims for negligent misrepresentation (Count I), negligence (Count II), and a violation of the Unfair Insurance Trade Practices Act, Florida Statute § 626.9541(1)(A) (Count III).  Id.  On April 2, 2012, Plaintiff filed a Motion to Dismiss Count III of Defendant's counterclaim.  (Doc. 15).  On April 23, 2012, Defendant filed an Amended Counterclaim (Doc. 22) in which it eliminated the cause of action for violation of Florida Statute § 626.9541(1)(A) and instead included a claim for reformation of insurance contract due to inequitable conduct.  The first two counts of the Amended Counterclaim were identical to the counts included in the original Counterclaim.  In light of the amended counterclaim, Judge Howard denied as moot Plaintiff's Motion to Dismiss.  (Doc. 24).

On May 17, 2012, Plaintiff filed a second motion to dismiss, along with a motion to strike, asking the Court to dismiss all three of the counts in the Amended Counterclaim and to strike several of Defendant's affirmative defenses.  (Doc. 30).  The undersigned prepared a Report and Recommendation denying Plaintiff's request to strike the affirmative defenses and the motion to dismiss Counts I and II of the Amended Counterclaim as being procedurally barred.  (Doc. 48).  Specifically, the Court noted that Plaintiff could have raised the arguments presented in its second motion to dismiss at the time it filed its first motion to dismiss, but failed to do so.  As such, the Court held Plaintiff was procedurally barred from raising the arguments for dismissing Counts I and II in the second motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(g).  As Count III was added in the amended complaint, the Court considered Plaintiff's arguments for dismissal of that count and recommended granting Plaintiff's request to dismiss Count III without prejudice.  Id.  On September 27, 2012, Bombay filed a Second Amended Counterclaim (Doc. 60) to which Plaintiff responded by filing the instant Motion to Dismiss (Doc. 70).  In the Second Amended Counterclaim, Bombay added a new third-party defendant, Labrato Insurance & Bonding, Inc. ("Labrato"), the agent from which Bombay acquired its policy.

## II. ANALYSIS

In its third motion to dismiss Bombay's counterclaims, Plaintiff asks the Court to dismiss each of the three counts in Bombay's Second Amended Counterclaim.  The Court will examine Plaintiff's arguments with respect to each count.

**A.**     **Count I**

Plaintiff takes the position that Count I for negligent misrepresentation is simply a claim for negligent procurement and as such, is premature.  Additionally, as in its second motion to dismiss, Plaintiff once again argues Count I should be dismissed because Bombay has failed to meet the heightened pleading requirements of Rule 9(b).  Plaintiff also takes the position that Count I should be dismissed because Bombay failed to allege a "misrepresentation of a material fact."  (Doc. 70, p.10).  Further, Plaintiff argues Bombay's reliance on the alleged misrepresentations was unreasonable as a matter of law.  Finally, Plaintiff believes dismissal is warranted because Bombay is presumed to have known that the policy did not cover liquor liability.

Bombay responds by once again taking the position that the instant motion should be denied because it is barred by Rule 12(g).  Specifically, Bombay argues that Plaintiff could have included its defenses with respect to Counts I and II of the Second Amended Counterclaim in its first motion to dismiss.  As Plaintiff failed to do so, Defendant believes Plaintiff should be barred from raising them in the instant motion.

Rule 12(g)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Bombay takes the position that all of the defenses Plaintiff raises in the instant motion to dismiss with respect to Counts I and II were available to Plaintiff at the time it filed its first motion to dismiss.  As such, they are procedurally barred by Rule 12(g).  Plaintiff argues that the Second Amended Counterclaim is "substantial[ly] change[d]" and "includes a number of allegations and legal theories appearing before this Court for the first time." (Doc. 85, p.3).  To support its claim that due to the amendment, it should be permitted to file a third motion to dismiss, Plaintiff points to several portions of the Second Amended Counterclaim.  Specifically, Plaintiff notes that the Second Amended Counterclaim is nearly double the size of the first amended complaint.  Additionally, Plaintiff points out:

> paragraphs 20 and 22 identify the alleged representations made by Maryland Casualty that give rise to Bombay's various claims of fraud and misrepresentation.  Paragraphs 25 through 30 describe the alleged process by which Bombay actually obtained its policy from Labrato.  These allegations, and several more besides, do not appear in any of Bombay's earlier pleadings.

-4-

(Doc. 85, p.3).  Additionally, Plaintiff notes that the Second Amended Counterclaim includes a new theory of liability: an agency relationship between Plaintiff and Labrato and that Plaintiff is liable for Labrato's misrepresentations.  Id.  Plaintiff believes "[t]hese allegations materially alter Bombay's pleadings, and subject the second amended counterclaim to a challenge under Rule 12(b)(6)" because "no objections to these allegations were previously available because these allegations did not previously exist." Id. at p.4.

  The Court would find Plaintiff's position more persuasive were any of the defenses raised in the third motion to dismiss aimed at the new allegations in the Second Amended Counterclaim.  For example, if Plaintiff were seeking to dismiss the counterclaim based on an inability of Bombay to show an agency relationship, that is certainly a defense that was not previously available to Plaintiff.  However, the instant motion to dismiss does not raise any defenses which were previously unavailable.  For example, it is clear Plaintiff's defenses to Count I that: (1) Bombay failed to meet the heightened pleading requirements of Rule 9(b), (2) Bombay's reliance on the alleged misrepresentations was unreasonable as a matter of law, and (3) Bombay is presumed to have known that the policy did not cover liquor liability, all of which were included in Plaintiff's second motion to dismiss and found by the undersigned to have been waived, must again be found waived.  The mere addition of new factual allegations to the counterclaim does not change the fact that Plaintiff could have and should have raised these defenses in the first motion to dismiss.  See In re Morrison, 421 B.R. 381, 386 (Bankr. S.D. Tex. 2009) ("if [a] defense previously existed but was not asserted timely,

then the right to bring it by a motion to dismiss is not 'revived' by mere amendment."); Rowley v. McMillan, 502 F.2d 1326, 1332–33 (4th Cir. 1974) ("[A]n amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading.  An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended.").

In addition to those defenses raised in its second motion to dismiss, Plaintiff raises two new defenses to Count I: that it is in reality a negligent procurement claim and thus, premature and that Bombay failed to allege a material misrepresentation.  As for the first defense, the Court again believes it has been waived.  There are no new factual allegations that now permit Plaintiff to raise this defense for the first time.  Plaintiff was certainly able to raise this defense at the time it filed its first motion to dismiss.  Indeed, in its second motion to dismiss, Plaintiff argued that Count II was a negligent procurement claim and therefore, premature.  (See Doc. 30, p.13).  Thus, it is clear Plaintiff was aware or should have been aware of the negligent procurement defense at the time it filed the first motion to dismiss.  Accordingly, to the extent Plaintiff seeks to dismiss Count I on the basis that it is actually a negligent procurement claim, Plaintiff is prohibited by Rule 12(g).  See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1388 (3d ed. 2004) ("[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading").

As for its defense that Bombay failed to allege a misrepresentation of a material fact, Plaintiff focuses on two statements contained in paragraphs twenty and twenty-two of the Second Amended Counterclaim: "we can tailor to the precise needs of your small business" and "Zurich North American Small Business has a comprehensive product portfolio . . . tailored to the unique needs of your small business customers."  Plaintiff takes the position that these statements do not constitute misrepresentations of material facts.  However, while the first amended complaint did not provide the exact quotation of the alleged misrepresentations, it did allege Plaintiff:

> purported to provide comprehensive coverage under its Small Business Retail Insurance Program to small retail businesses in Florida and would tailor its program to the unique needs of the small business customer.

(Doc. 22, ¶19).  This allegation is sufficient to have put Plaintiff on notice of a potential defense that Bombay failed to allege a misrepresentation of material facts.  Therefore, Plaintiff could have and should have raised this defense in the first motion to dismiss and it is now barred by Rule 12(g).

Even if this defense were not barred by Rule 12(g), the undersigned would nevertheless recommend denial of Plaintiff's motion to dismiss Count I.  Plaintiff argues that Bombay has failed to "explain how these statements were material to the negotiation of its policy with [Plaintiff], nor does Bombay explain how these are misstatements at all."  (Doc. 70, p. 11).  Additionally, Plaintiff claims Bombay has failed "to explain how reading these two statements to extend liquor liability to the subject policy constitutes 'justifiable reliance,' which is another required element of negligent misrepresentation."  Id.  In order to state a claim for negligent misrepresentation, a

-7-

plaintiff is required to show: (1) misrepresentation of a material fact; (2) that the defendant knew of the misrepresentation, made the misrepresentation without knowledge as to its truth or falsity, or made the misrepresentation under circumstances in which it ought to have known of its falsity; (3) the defendant intended the representation would induce the plaintiff to act on it; and (4) injury to the plaintiff because it acted in good justifiable reliance on the misrepresentation.  Payroll Management Inc. v. Lexington Ins. Co., No. 3:10-cv-471, 2011 WL 1405146, *4 (N.D. Fla. Apr. 13, 2011) (quoting Birdsong v. Ehlke, No. 5:10-cv-196, 2010 WL 5141774 (N.D. Fla. Dec. 13, 2010)).  At this stage of the litigation, Bombay has sufficiently pled each of these elements.  To withstand a motion to dismiss, Bombay is not required to provide further explanation regarding how the statements were material nor is it required to provide further explanation regarding justifiable reliance.  Therefore, the undersigned recommends denial of Plaintiff's motion to dismiss as it relates to Count I.

**B.    Count II**

With respect to Count II of the Second Amended Counterclaim, Plaintiff again argues that it is really a claim for negligent procurement and premature.  Additionally, Plaintiff asks the Court to dismiss this count on the grounds that: (1) it fails to state a claim for negligence because it does not allege "sufficient factual matter," particularly with respect to any duty owed by Plaintiff; (2) the allegation of misrepresentation is inadequately pled; and (3) it fails to allege sufficient facts to support its claim that the coverage afforded by Plaintiff was illusory.  (Doc. 70, pp. 14-15).  Each of these


arguments was raised in Plaintiff's second motion to dismiss (See Doc. 30, pp.12-14) and the undersigned found that "Plaintiff could have raised these defenses in its first motion to dismiss and its failure to do so bars the Court from considering them at this point." (Doc. 48, p.5). As such, the Court may not consider these defenses in Plaintiff's third motion to dismiss.

Plaintiff attempts to show that Counts I and II of the Second Amended Counterclaim are sufficiently altered to permit it to file another motion to dismiss by observing:

> These counts include new allegations of Labrato's agency relationship with Maryland Casualty, and liability arising therefrom. Furthermore, each of these counts expressly incorporate 49 paragraphs of general allegations which, as explained above, are entirely new.

(Doc. 85, p.4). As previously noted, Plaintiff's argument would certainly be compelling had Plaintiff now moved to dismiss Counts I and/or II on the basis of some flaw in Bombay's theory of agency. Additionally, the mere inclusion of 49 paragraphs of new general factual allegations does nothing to demonstrate the existence of a new defense which did not exist prior to the Second Amended Counterclaim.

Plaintiff also takes the position that "[t]he fact that Bombay pursues the same causes of action in these counts as it has in previous pleadings is irrelevant." (Doc. 85, p.4). To support this assertion, Plaintiff quotes the Morrison case, "'[T]he new matter gives rise to the defense that did not exist prior to the amendment. As a result, the newly available defense is allowed to be brought by a motion to dismiss.'" Id. (quoting Morrison, 421 B.R. at 386). However, Plaintiff has completely failed to show how any of

the new factual allegations have given rise to a defense that did not exist prior to the amendment. Indeed, most of the defenses raised in the instant motion were raised by Plaintiff in its second motion to dismiss. See Cross v. Suffolk City School Bd., No. 2:11cv88, 2011 WL 2838180, *7 (E.D. Va. July 14, 2011) (as there was no indication in the second motion to dismiss that the defense presented was unavailable at the time the first motion to dismiss was filed, court was "of the opinion that it [could not] entertain a successive 12(b)(6) motion without overriding Rule 12(g)" and therefore, denied second motion to dismiss as procedurally barred).

As in the Report and Recommendation directed to Plaintiff's second motion to dismiss (Doc. 48), the undersigned believes, as did the Cross court, that the Court cannot consider the instant Motion to Dismiss without overriding Rule 12(g). Accordingly, the undersigned recommends Plaintiff's Motion to Dismiss be denied insofar as it relates to Counts I and II of the Second Amended Counterclaim.[2]

## C.   Count III

Plaintiff argues Count III should be dismissed because: (1) it is simply a "bare-bones recitation of legal conclusions," (2) it fails to plead inequitable conduct with any particularity, and (3) Bombay is not entitled to reformation because the policy reflects

---

[2] As in its second motion to dismiss, Plaintiff presents several equitable and procedural arguments asking the Court to utilize a "permissive reading" of Rule 12(g) and allow its motion to dismiss to stand. (Doc. 85, pp. 5-8). However, as the undersigned held in the earlier Report and Recommendation, "'[w]hen the Federal Rules govern, it is neither up to the parties nor up to this Court to determine what makes the best procedural sense. Rather this Court will follow the Federal Rules and strike [the second motion to dismiss] as improper under Rule 12(g).'" (Doc. 48, p.6 (quoting Chen v. Cayman Arts, Inc., No. 10-80236-CIV, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011)).

the intent of the parties.  (Doc. 70, pp. 16-18).  Bombay responds that it has sufficiently pled the elements of a claim for reformation.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed.R.Civ.P.  "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  In considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Here, Plaintiff raises several arguments for dismissal of Count III for reformation.  First, Plaintiff argues Bombay has failed to properly allege a claim for reformation because the Second Amended Counterclaim consists of "a bare-bones recitation of legal conclusions" and also fails to plead inequitable conduct with sufficient particularity.  (Doc. 70, p.16).  Bombay responds that it has sufficiently pled a claim for reformation.

In order to state a claim for reformation, a plaintiff must allege that "as a result of a mutual mistake or a unilateral mistake by one party coupled with the inequitable

-11-

conduct of the other party, the insurance contract fails to express the agreement of the parties." Romo v. Amedex Ins. Co., 930 So.2d 643, 649 (Fla. 3rd DCA 2006).  Bombay's Second Amended Counterclaim sufficiently pleads these elements.  The undersigned finds Bombay has sufficiently alleged both a mutual mistake (see Doc. 60, ¶74) and a unilateral mistake coupled with inequitable conduct (see Doc. 60, ¶75).  Moreover, Bombay's allegations regarding the alleged inequitable conduct are sufficient to satisfy the heightened requirements of Rule 9(b) and to withstand a motion to dismiss.  (See Doc. 60, ¶¶20, 22, 30, 39-41, and 71-75).

Finally, Plaintiff asks the Court to dismiss Bombay's count for reformation on the grounds that the policy reflects the intent of the parties.  Bombay responds that this argument is not proper for a motion to dismiss because it attacks "the likelihood or plausibility of Bombay's reliance on [Plaintiff's] representations, which is improper because for purposes of a motion to dismiss, the facts alleged in the complaint must be accepted as true and all reasonable inferences are drawn in favor of the pleader."  (Doc. 80, p.10).  The Court agrees with Bombay.  While Plaintiff is correct that the party seeking reformation has the burden to present clear and convincing evidence "sufficient to overcome the strong presumption arising from the policy that it correctly expresses the intention of the parties," Old Colony Ins. Co. v. Trapani, 118 So.2d 850, 853 (Fla. 2nd DCA 1960), the Court need not make a determination regarding the sufficiency of Bombay's evidence at this time.  Such a determination is properly made upon a motion for summary judgment.  At the motion to dismiss stage, the court must simply determine whether the counterclaim contains "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 677-78, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570)).  Count III of the Second Amended Counterclaim satisfies this requirement and therefore, the undersigned recommends denial of Plaintiff's instant Motion to Dismiss (Doc. 70).

Accordingly, after due consideration, it is respectfully

**RECOMMENDED**:

Plaintiff's Motion to Dismiss Defendant, Bombay Liquors' (Bombay) Second Amended Counterclaim (Doc. 70) be **DENIED**.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  8th  day of January, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia M. Howard,
United States District Judge

Counsel of Record