UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARYLAND CASUALTY COMPANY,

                Plaintiff,

vs.                                 Case No.  3:12-cv-121-J-34MCR

SHREEJEE NI PEDHI'S, INC, ET AL.,

                Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Production of

Documents and Discovery Responses (Doc. 111) filed June 17, 2013.  Defendant filed

a Response in Opposition to Plaintiff's Motion on June 21, 2013 (Doc. 113).

Accordingly, this matter is now ripe for judicial review.

## I.    BACKGROUND

Plaintiff Maryland Casualty Company filed this declaratory judgment action

seeking a determination as to insurance coverage.  (Doc. 1).  At issue is whether a

liability policy issued to Defendant Shreejee Ni Pedhi, Inc. d/b/a Bombay Liquors

("Bombay") covers the underlying lawsuit against Bombay for selling alcohol to a minor.

Bombay timely served its Answer, Affirmative Defenses and Counterclaim to Plaintiff's

Complaint.  (Doc. 11).  Bombay's counterclaim argues that Plaintiff negligently procured

the wrong insurance on its behalf.  Essentially, Bombay contends that it sought "full

coverage," and Plaintiff and its agent, Labrato Insurance and Bonding, Inc. ("Labrato"), failed to procure this extensive coverage.[1]  (Docs. 22, 50).

On May 17, 2013, Plaintiff served its Second Requests for Admissions, Requests for Production, and Interrogatories on Bombay.[2]  Bombay served its responses to Plaintiff's discovery requests on June 14, 2013.  On June 17, 2013, Plaintiff filed the instant Motion to Compel seeking an order compelling Bombay to produce certain documents and for sufficient discovery responses.  Notably, Plaintiff asserts that Bombay failed to produce one document in response to Plaintiff's fifteen requests for production, only provided substantive answers to three of Plaintiff's eleven interrogatories, and failed to provide a single, unqualified response to every request for admission.  (Docs. 68, 111).

## III.  ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court.  Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

---

[1]     Through discovery, Bombay alleges to have learned that Plaintiff takes the position that Labrato may be liable in whole or in part for the damages sought by Bombay.  As such, on September 27, 2012, Bombay filed its Third Party Complaint against Labrato asserting negligent misrepresentation and negligence.  (Doc. 58).

[2]     The Court notes that Plaintiff never served the first discovery requests on Bombay. (Doc. 113, p. 3, n. 1).

-2-

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).   The term "relevant" in Rule 26(b)(1) is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 430 (M.D. Fla. 2005) (internal quotation omitted) (citing Hickman v. Taylor, 329 U.S. 495 (1947)).   Information is relevant and discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." See Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 687 (S.D. Fla. 2007).

**A.    Requests for Production, Requests for Admissions, and Interrogatories Related to the Lease Agreement.**

Through the discovery process, Plaintiff alleges to have learned that the main reason that Bombay obtained insurance was because it was required to by contract in its lease agreement.  Yet, Bombay objects to producing discovery related to the lease agreement as "not relevant."  Plaintiff argues that production of Bombay's lease and related information are necessary to show that Bombay was required to obtain the insurance policy at issue.

In regard to the lease and related information, Plaintiff seeks productions of the following documents:

1.    All leases for any retail space held by Bombay from January 1, 2004 through the present.

...

3.    All communications between Bombay and any lessor or landlord relating to any requirements for Bombay to obtain or maintain insurance coverage.

4.    If you denied Request for Admission No. 1 in Maryland Casualty's second request for admission, provide all documents supporting this denial.

5.    If you denied Request for Admission No. 2 in Maryland Casualty's second request for admission, provide all documents supporting this denial.

6.    If you denied Request for Admission No. 3 in Maryland Casualty's second request for admission, provide all documents supporting this denial.

7.    If you denied Request for Admission No. 4 in Maryland Casualty's second request for admission, provide all documents supporting this denial.

8.    If you denied Request for Admission No. 5 in Maryland Casualty's second request for admission, provide all documents supporting this denial.

(Doc. 111-B, ¶¶ 1, 3-8).  In addition, Plaintiff seeks admissions of the following:

1.    Admit that Bombay leased one or more retail spaces for its stores from January 1, 2004 through the current date.

2.    Admit that the lease(s) Bombay held for its retail spaces from January 1, 2004 through present required Bombay to obtain insurance.

3.    Admit that the lease(s) Bombay held for its retail spaces from January 1, 2004 through present required Bombay to obtain liability insurance.

4.    Admit that the lease(s) Bombay held for its retail spaces from January 1, 2004 through present did not require Bombay to obtain insurance coverage for liquor liability.

5.    Admit that the insurance policies issued to Bombay by Maryland Casualty from February 27, 2004 through the present satisfied all

contractual requirements to obtain liability insurance under
Bombay's leases for its retail spaces during that time.

(Doc. 111-A, ¶¶ 1-5).  Finally, Plaintiff seeks the following interrogatory responses:

1.   If you denied Admission No. 1 in Maryland Casualty's second
     request for admissions, explain all facts supporting that denial.

2.   If you denied Admission No. 2 in Maryland Casualty's second
     request for admissions, explain all facts supporting that denial.

3.   If you denied Admission No. 3 in Maryland Casualty's second
     request for admissions, explain all facts supporting that denial.

4.   If you denied Admission No. 4 in Maryland Casualty's second
     request for admissions, explain all facts supporting that denial.

5.   If you denied Admission No. 5 in Maryland Casualty's second
     request for admissions, explain all facts supporting that denial.

(Doc. 111-C, ¶¶ 1-5).

Bombay objects to discovery related to its lease agreement as not relevant to the

instant litigation.  However, upon review, the Court finds the lease and related

correspondence are potentially relevant to Bombay's motive for purchasing the

insurance policy at issue,[3] and the veracity of Bombay's statements that it sought "full

coverage."[4]  In addition, by arguing that Plaintiff failed to procure the comprehensive

insurance that Bombay allegedly sought, Bombay has placed facts related to its

motivation for purchasing insurance at issue.

---

[3]      Bombay's corporate representative testified that the reason he purchased insurance
was because it was required by the landlord.  (Doc. 111, p. 111, ¶¶ 22-25).

[4]      The contents of the lease agreement may support Plaintiff's allegation that Bombay
could not afford the maximum coverage, and merely sought to purchase the minimum coverage it
needed to comply with the lease requirements.

Based on the foregoing, the Court finds that the discovery requests related to

Bombay's lease agreement are relevant and discoverable.  See W.W. Gay v. Brencorp,

Inc., 2012 U.S. Dist. LEXIS 26162 (M.D. Fla. 2012) (finding that the Court has discretion

in determining the appropriate scope of discovery and the Court should consider the

claims and defenses being asserted in making its determination).

> **B.    Whether Bombay's Responses to Plaintiff's Requests for Admissions are Evasive and Insufficient.**

Plaintiff argues that Bombay provided inadequate responses to Plaintiff's Second

Request for Admissions Nos. 8-10.  Specifically, Plaintiff asserts that the following

responses are evasive:

> 8.    Admit that Bombay did not rely on any website or advertisement by Maryland Casualty prior in [sic] purchasing insurance from Maryland Casualty.
>
> RESPONSE:  Bombay objects to this Request as it does not make sense as worded and is vague, ambiguous and overly broad as to the phrase "any website or advertisement by Maryland Casualty prior in purchasing". Bombay admits that it relied upon the representation of Maryland's agent, Charles Bryant, that it would provide full coverage. To the extent that a further response is required, denied as phrased.
>
> 9.    Admit that Maryland Casualty did not communicate with Bombay before Bombay purchased its Maryland Casualty policy, effective February 27, 2004.
>
> RESPONSE: Denied as phrased.
>
> 10.    Admit that neither Maryland Casualty nor Labrato informed you that the Maryland Casualty policies contained liquor liability coverage.
>
> RESPONSE: Denied as phrased.

(Doc. 111-A, ¶¶ 8-10).

Federal Rule of Civil Procedure 36(a)(6) allows a party to move for more sufficient responses to requests for admissions when a party provides insufficient or evasive answers.  "The rule is not designed to discover facts, but to obtain admission of facts as to which there is no real dispute and which the adverse party can admit without qualification."  Rebman v. Follett Higher Educ. Grp., Inc., 2008 WL 3928793, *1 (M.D. Fla. Aug. 26, 2008) (internal citation omitted).

In regard to Request for Admission No. 8, the Court finds Bombay's partial answer is unresponsive and evasive.  The question asks Bombay to admit or deny that it "did not rely on any website or advertisement by [Plaintiff] prior [to] purchasing insurance from [Plaintiff]."  Bombay claims in its pleadings that it relied on Plaintiff's website in purchasing insurance, yet Plaintiff alleges that Bombay's corporate representative testified otherwise.  Thus, the question is clear that Plaintiff is simply inquiring as to whether Bombay relied on any specific website or advertisement in purchasing the insurance policy at issue.

In regard to Requests for Admissions Nos. 9-10, Bombay responds with "Denied as phrased."  This response is cryptically vague as it infers that it would not be denied if the question was phased differently.  The Court finds nothing puzzling about this question, and it should easily be admitted or denied without qualification.[5]

---

[5] The Court reminds the parties that overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958).  According to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

**C.    Whether Bombay's Work Product Privilege Objections to Plaintiff's Interrogatories are Proper.**

Plaintiff argues that Bombay's objections to Plaintiff's Interrogatory Nos. 8-10 are improper.  Specifically, Plaintiff's interrogatories and Bombay's responses are as follows:

8.    If you denied Admission No. 8 in Maryland Casualty's second request for admissions, explain all facts supporting that denial.

RESPONSE:  Bombay objects to this Request as it does not make sense as worded. Bombay admits that it relied upon the representations of Maryland's agent, Charles Bryant, that it would provide full coverage. Bombay refers Plaintiff to the deposition of Ravindu Patel and to Bombay's Answers to First Interrogatory Nos. 5 and 6 propounded by Labrato Insurance Company and its Response to Second Request to Produce No. 11.

9.    If you denied Admission No. 9 in Maryland Casualty's second request for admissions, explain all facts supporting that denial.

RESPONSE:  Defendant identifies and refers Maryland to the following documents

(1) Exhibits to Second Amended Counterclaim;
(2) The Zurich websites attached as exhibits to the deposition of Ryan Schwartz and Sharon Hawkins.

Bombay objects to providing a more detailed response because it would disclose counsel's thought process and work product.

10.    If you denied Admission No. 10 in Maryland Casualty's second request for admissions, explain all facts supporting that denial.

RESPONSE:  Bombay refers Plaintiff to the deposition of Ravindu Patel and to Bombay's Answer to First Interrogatory Nos. 5 and 6 propounded by Labrato Insurance Company and its Response to Second Request to Produce No. 13.

Bombay objects to providing a more detailed response because it would disclose counsel's thought process and work product.

(Doc. 111-C, ¶¶ 8-10).

In regard to Interrogatory No. 8, it is interconnected with Request for Admission No. 8.  As discussed above, Request for Admission No. 8 is not confusing as worded.  Again, Plaintiff merely seeks to have Bombay admit or deny that it relied on a website or advertisement.  If denied, explain that denial.

In regard to Interrogatories Nos. 9-10, Bombay objects as being privileged under the work product doctrine.  The work product doctrine exists to protect documents prepared by an attorney.  Here, Plaintiff is seeking facts regarding communications to Bombay, not documents prepared by an attorney.  Further, Bombay has the burden to demonstrate the work product doctrine applies and failed to make its work product objection with any specificity.  See In re Pimenta, 2013 WL 1846632 at *7 n.2 (S.D. Fla. Apr. 17, 2013) ("Blanket assertions of privilege before a district court are usually unacceptable."); Stern v. O'Quinn, 253 F.R.D. 663, 674 (S.D. Fla. 2008) ("The burden to demonstrate the applicability of the work-product doctrine falls on the shoulders of the party claiming the protection.").  Accordingly, the Court finds Bombay's responses to Interrogatory Nos. 8-10 are insufficient.

### D.     Attorney's Fees

Plaintiff seeks an award of attorneys' fees in making this motion.  (Doc. 111, p. 15).  The court "has wide latitude in imposing sanctions for failure to comply with discovery."  Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate.  Starcher v.

Corr. Med. Sys., Inc., 144 F.3d 418, 421-22 (6th Cir. 1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified.  Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994).  A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)).

Here, the Court does not consider an award of attorney's fees to be appropriate at this time as reasonable people could differ as to the appropriateness of Bombay's actions.  However, Bombay is cautioned that future discovery violations as well as the failure to comply with this Order may result in sanctions.  See Fed. R. Civ. P. 37.

III.   **CONCLUSION**

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff Motion to Compel Production of Documents and Discovery Responses (Doc. 111) is **GRANTED.**  Bombay shall produce proper discovery responses to the discovery requests at issue no later than **Friday, July 12, 2013.**[6]

---

[6]      Each party shall bear its own costs and fees associated with the instant Motion.

**DONE AND ORDERED** in Jacksonville, Florida this  2nd  day of July, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record